MERRICK E. KENTFIELD, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Third Department, May 16, 1923.

Railroads — action for injuries suffered in collision between automobile and train at crossing — highway crossed railroad at acute angle — automatic crossing bell not ringing — contributory negligence was question for jury — error to dismiss complaint at close of plaintiff's case.

In an action to recover for injuries suffered in a collision between plaintiff's automobile and a railroad train at a crossing, the question of plaintiff's contributory negligence should have been submitted to the jury and it was error to dismiss the complaint at the close of the plaintiff's case where it appeared that the highway paralleled the railroad and crossed it at an acute angle; that the train and automobile were going in the same general direction; that the plaintiff looked

for an approaching train when about 125 feet from the crossing and again when about 40 feet from the crossing at which point he could see more than 300 feet along the track in the direction from which the train was approaching; that it was necessary for the plaintiff, in order to see the train, to look almost directly behind; and that the automatic crossing bell, familiar to the plaintiff, was not ringing.

HINMAN and VAN KIRK, JJ., dissent, with memorandum.

APPEAL by the plaintiff, Merrick E. Kentfield, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of St. Lawrence on the 1st day of November, 1921, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case, and also from an order entered in said clerk's office on the 23d day of October, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*Miller & Matterson [Wordsworth B. Matterson* of counsel], for the appellant.

*Thomas Spratt [George E. Van Kennen* of counsel], for the respondent.

H. T. KELLOGG, Acting P. J.:

The plaintiff was driving an inclosed automobile in a westerly direction upon a certain highway. The defendant's train was moving westerly upon railway tracks lying to the north of the highway and nearly paralleling the same. At a point where the highway crossed the railway at an acute angle the automobile of the plaintiff and the locomotive of the defendant came into collision with the result that the plaintiff was injured.

The facts most favorable to the plaintiff are these: The plaintiff was traveling at six miles an hour and the train was traveling at forty miles an hour. The plaintiff turned and looked to the rear when 125 feet from the crossing. At this point he could see down the track to the east fully 300 feet. The plaintiff did not see the train and the train was not then in sight. The plaintiff looked again when 40 feet from the crossing and saw no train, though he could see to the east for a distance of more than 300 feet. As the train was traveling less than seven times as fast as the automobile, which had 40 feet to go, while the train had 300 feet, it is clear that the train was then in sight had the plaintiff exerted effort sufficient to see it. The plaintiff continued his journey to the crossing without looking again, and the collision occurred.

The case is unusual in three respects. 1. Owing to the fact that the railway and the highway were almost parallel the approaching train presented to view little more than the forward end of its locomotive. 2. Owing to the same fact the plaintiff in order to

see must have turned his head to face almost completely to the rear. 3. The automatic crossing bell familiar to the plaintiff was not ringing. We think that the case of *Elias* v. *Lehigh Valley R. R. Co.* (226, N. Y. 154) is a strong authority for the plaintiff. In that case the plaintiff, who was driving a team towards a railway crossing, looked to the east when 80 feet from the crossing. At this time he could see to the east 300 feet and no train was in sight. Lulled into a sense of security by the absence of a flagman at the crossing who was customarily present he did not look again, with the result that his sleigh collided with a west-bound train and he was hurt. A recovery in his favor was permitted to stand. This plaintiff did more than the plaintiff in the *Elias* case. Having looked at a point 125 feet distant he looked again at a point 40 feet distant. It was necessary to guide his car by looking to the west. It was necessary to guard against a train by looking almost directly to the east. He could not do both at one and the same time. The danger of looking directly east while driving the car directly west was great. In this situation it may well have been that the absence of the bell played its part. That fact may have induced the plaintiff to look to the rear with a glance so fleeting that the forward end of the approaching locomotive did not catch his eye. Under the circumstances we think the question of the plaintiff's contributory negligence was a question for the jury, and that the complaint should not have been dismissed.

The judgment should be reversed and a new trial granted.

KILEY and HASBROUCK, JJ., concur; HINMAN, J., dissents, with an opinion, in which VAN KIRK, J., concurs.

HINMAN, J. (dissenting):

I dissent on the authority of *Castle* v. *Director-General of Railroads* (232 N. Y. 430).

Assuming that the automatic crossing bell was not ringing, that did not relieve the plaintiff from the duty of exercising care in such a place of great danger. This danger was heightened by the fact which was apparent to the plaintiff, that he was approaching at an acute angle which compelled him, if prudent and careful, to exercise greater vigilance and to proceed more slowly in order to overcome the difficulty. I do not approve of the laxity of the rule which would relieve the plaintiff from responsibility by taking a "fleeting glance" which was insufficient to permit him to discover that which was in plain sight if he had looked with any care.

VAN KIRK, J., concurs.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.